IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARILYN FISHER,

    Plaintiff,

v.                                                      Case No. 1:21-cv-01110-KWR-KK

JANIE CONNER,

    Defendant.

## ORDER REMANDING CASE

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Remand to State Court (hereinafter, the "Motion"), filed December 3, 2021 **(Doc. 3)**. Having reviewed the parties' briefs and applicable law, the Court finds that Plaintiff's Motion is **WELL-TAKEN** and, therefore, is **GRANTED**. This matter is remanded to the First Judicial District Court, Santa Fe County, New Mexico.

## BACKGROUND

This is a negligence case. Plaintiff alleges that she was standing on the street in front of her driveway when two unleashed dogs ran toward her knocked her down. The complaint alleges that Defendant owns the two dogs. In discovery Plaintiff asserted approximately $13,096 in medical damages and approximately $2,495 in incidental expenses.

Defendant removed this case on the basis of diversity jurisdiction. Plaintiff moves to remand this case, asserting that (1) the amount in controversy requirement is not met and (2) removal was untimely.

## DISCUSSION

Defendant removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  *See* 28 U.S.C. § 1446.  Diversity jurisdiction requires diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a). The main issue is whether the amount in controversy exceeds $75,000.

 "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "The removing party has the burden to show that removal was properly accomplished." *McShares*, *Inc. v. Barry*, 979 F. Supp. 1338, 1342 (D.Kan. 1997).

Where the complaint does not assert an amount due, the party asserting federal jurisdiction must prove by a preponderance of the evidence jurisdictional facts showing that the amount in controversy *may* exceed $75,000.  *McPhail v. Deere & Co.*, 529 F.3d 947, 953-55 (10th Cir. 2008) ("defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that made it *possible* that $75,000 was in play") (citation omitted) (emphasis in original).  This burden arises only when a plaintiff argues the amount in controversy is insufficient to support diversity jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owen*, 135 S.Ct. 547, 554 (2014).  In other words, evidentiary submissions are not required at the time of removal. *Id.* at 551, 554.

The amount in controversy "is an estimate of the amount that will be put at issue in the course of the litigation."  *McPhail*, 529 F.3d at 955. Once the defendant puts forth jurisdictional facts that make it possible the amount in controversy exceeds $75,000, the case stays in federal court "unless it is legally certain that less than $75,000 is at stake." *McPhail,* 529 F.3d at 954

(internal quotation marks omitted), *quoted in Chen v. Dillard Store Servs., Inc.*, 579 F. App'x 618, 620–21 (10th Cir. 2014).

> Defendant may prove these jurisdictional facts by pointing to:
>
> contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] by reference to the plaintiff's informal estimates or settlement demands[;] or by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands.

*McPhail*, 529 F.3d 947, 954 (10th Cir. 2008), quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 540-43 (7th Cir. 2006). Defendant may also look to the "substance and nature of the injuries and damages described in the pleadings." *Hanna v. Miller*, 163 F. Supp. 2d 1302, 1306 (D.N.M. 2001) (Kelly, J.). Here, Plaintiff argues that the amount in controversy is less than $75,000. Defendant therefore bears the burden of proving by a preponderance of the evidence jurisdictional facts that the amount at issue may involve more than $75,000.

The Court concludes that Defendant has not shown by a preponderance of the evidence that the amount at issue may involve more than $75,000. This is a negligence case in which two unleashed dogs are alleged to have knocked over Plaintiff. Plaintiff alleges she suffered injuries from the fall. Defendant has presented evidence that Plaintiff so far claims approximately $15,500 in medical and incidental damages. Plaintiff does not seek lost income.

Defendant stretches to make this $15,000 in damages reach the $75,000 amount in controversy by trebling this amount to $45k, and then doubling this amount again for punitive damages, for a total of approximately $90,000. *Jones v. Legacy Burgers, LLC*, No. CV 20-441 JCH/SMV, 2021 WL 979629, at *4 (D.N.M. Mar. 16, 2021) ("a good rule of thumb for estimating the value of a punitive damages claim is to use an amount equal to compensatory damages."). It is unclear whether punitive damages are in fact at issue. Plaintiff has not alleged facts which would support a punitive damages award. Mere negligence, without willful or reckless intent, is generally

3

not a basis for punitive damages.  NMRA, UJI 13-1827.  The complaint does not allege willfulness or recklessness, and Defendant has otherwise not shown that punitive damages would be appropriate.  Therefore, even if a settlement of triple the medical expenses were appropriate, that would only take Defendant to approximately $39,300 ($13,096.46 in medical expenses multiplied by three).

Moreover, even if punitive damages or treble damages were appropriate, defendant has not shown it would be appropriate for a plaintiff to receive both.

Defendant also points to the fact that Plaintiff declined to stipulate in interrogatories that the amount in controversy was less than $75,000. Although this is relevant evidence, it is not dispositive.

The Court concludes that Defendant has failed to show by a preponderance of the evidence that the amount in controversy is more than $75,000.

## CONCLUSION

The Court concludes that the amount in controversy does not exceed $75,000, and this Court lacks diversity jurisdiction. The Court will remand this case for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c) to the First Judicial District Court, Santa Fe County, State of New Mexico.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (**Doc. 3**) is hereby **GRANTED** for reasons described in this Order;

**IT IS FURTHER ORDERED** that this action is **REMANDED** to the First Judicial District Court, Santa Fe County, State of New Mexico.  The Clerk of Court is hereby **DIRECTED** to take the necessary actions to remand the case.

**IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**